THE PEOPLE *on rel.* HARTT *a.* WHITE.

*Supreme Court, First District; Special Term,* 1860.

MANDAMUS.—ELECTION.

To a mandamus requiring inspectors of election to return whether the relators did not receive the greatest number of votes, and whether they did not declare them duly elected, a return that they were not duly elected by the greatest number of votes is evasive, and should be quashed on motion.

A suit, by claimants to office, for an injunction to prevent adverse claimants from acting as officers, is no bar to a mandamus to obtain certificates of election.

Of elections in religious corporations.

Motion to quash return.

The facts in this controversy fully appear in the report of a previous proceeding, 10 *Ante,* 321.

The allegations and precept of the mandamus were as follows:

"That in an election duly held on the 12th day of March, 1860, for three trustees to supply the places of three whose offices were about to expire, by the religious corporation existing under the law of this State, for the incorporation of religious societies, under the style of The Society of the Church of the Puritans; at which election, you, the said White and Smith, being members of the said society, and deacons of the said church, having been duly nominated therefor by a majority of the voters present, presided; the said relators ' were by the greatest number of votes cast duly elected as said trustees, *and that you did, then and there, declare that they were so elected, and that the said election was adjourned without any voter challenging or questioning the election of the said relators;* and that you now refuse to give to the said relators the proper certificate of their election, provided for by the law aforesaid.

" ' We do, therefore, hereby command and enjoin you forthwith to make, execute, and deliver under your hands and seals,

to the said relators, a certificate of their election as aforesaid, in due form of law, or show cause,' " &c.

The return against which this motion was made, was as follows:

1. We, the said defendants, do respectfully certify to this honorable court, and show that before the said alternative mandamus was sued out, to wit, on or about the 31st day of March, 1860, the said relators commenced their certain action in this court against these defendants and others, touching the same subject-matter in the said alternative mandamus set forth, and demanding, among other things, the same relief sought to be obtained by the said writ of mandamus, to which said action the defendants pleaded, and put in their answer (to which complaint and answer these defendants for greater certainty refer). And the said action was pending and at issue at the time the relators sued out the said alternative mandamus; and the same is still pending and undetermined, and was noticed by both parties for the last term of this court (June, 1860), but has not yet been reached.

2. And we further certify for cause why we do not and cannot give to the said relators a certificate of their election as trustees of the Society of the Church of the Puritans; that the said relators were not by the greatest number of legal votes cast at said election, duly elected as such trustees; and although one of these defendants may have then and there stated that the relators were elected, such statement was not made by them as their official act, but was only an informal remark of one of them as to the apparent result; these defendants then and now supposing that only by the certificate authorized by the statute could they declare who were elected; which certificate these defendants intended to, and did, make on a future day; the tender thereof being as is hereinafter stated.

These defendants further say, that whether the said election was adjourned without any voter challenging or questioning the election of said relators, the defendants, by reason of the confusion that prevailed during said election, and until the adjournment thereof, are unable to say. And these defendants further say, that upon their counting the votes after the same were deposited, and before the adjournment of the meeting,

these defendants did in fact state that each of the relators appeared to have thirty-three votes; and the said Harvey and Tompkins each thirty-one votes, and the said Bennett twenty-seven votes; but that *subsequently*, upon comparing the votes thus counted with the poll-list, it appeared by the latter, that but sixty-two persons had, in fact, deposited their votes; and the ballot of Edward G. Bartlett, a legal voter at said election, had been, by mere oversight, omitted, though duly delivered to these defendants at and during said election, to be counted; and his name was not upon said poll-list. That said last-mentioned ballot was for said Harvey, Tompkins, and Bennett; and that it was further discovered by these defendants, that of the votes cast for the relators, and counted for them in such statement of the result of said election, as was made by them as aforesaid certain votes; that is to say, the votes of L. H. Dinsmore, Henry Shepard, William Herries, J. F. Whipple, E. Waterbury, Samuel Hutchings, William H. Woodbury, and Edward Gilbert, were, and each of them was, illegal; and the said last-named persons were, and each of them was not, a legal voter of said society; and that for the facts aforesaid, the relators not having received the greatest number of legal votes cast at said election, these defendants could not, and did not, make or give a certificate that the relators had received the greatest number of votes at said election, or that they were duly elected trustees of said society.

3. And these defendants further certify and show, that after said election, and before the suing out of said writ of alternative mandamus, they certified under their hands and seals, that Charles R. Harvey and Charles B. Tompkins were duly elected trustees at the said election; and that as to the third trustee there was no election, by reason of an equality of votes cast for James O. Bennett and the relators, which certificate was delivered to said Harvey and Tompkins, and was afterwards, and before the suing out of said writ of mandamus, duly presented to and accepted by the Board of Trustees of said society; and the said board thereupon, then, and there, by a resolution duly passed, recognized the said Harvey and Tompkins as trustees of said society, and members of said board, and caused notice thereof to be given to them; and the said Harvey and Tompkins accepted the said office, and at, and before the suing out of

said writ of mandamus, were, and now are, exercising the functions thereof, and performing the duties belonging thereto; and these defendants further certify and show, that the said Harvey and Tompkins were duly elected to said office by a majority of the legal votes cast at said election.

*Edward Gilbert* and *William Curtis Noyes*, for the motion. The return is defective in that—1. It does not state whether any declaration was made before the adjournment of the election, whether the relators were elected or not; only that such a declaration *may have been made*, without saying when. 2. It does not say whether or not there was any challenging or objection made to their election prior to the adjournment; it only evades by alleging a confusion " that prevailed during the election." The inspectors could tell whether they knew or heard any such thing at the time. 3. It does not state when they subsequently compared the poll-list, and found an error, nor when they " further discovered" that any illegal votes were cast, as stated in the return. The return should state whether this was not long after the election had been adjourned, in order that we may know whether their acting at that time was not wholly without authority.

The result is, that the substantial allegation in the mandamus is left unanswered, and has been intentionally evaded.

The relators are therefore entitled, upon this motion, to the relief they seek, because the prior order, as the command of the mandamus, has not been complied with.

Besides, both returns show that the relators were duly elected, by having received the greatest number of votes given at the election. It is the votes that elect, not the declaration of the inspectors; and this has been decided by the court in the case. (10 *Abbotts' Pr.*, 324.)

The return, then, is intentionally evasive; and if the court deem it proper, as there can be no doubt of the relators' election given upon this return, evasive as it is, a peremptory mandamus may be granted.

*E. W. Chester* and *Wm. M. Evarts*, in support of the return.— I. By rule 51 of this court, the mode of dealing with a return to a mandamus is pointed out. That mode is by plea or de-

murrer. If any other mode exists, it is only in extreme cases, where the return is clearly frivolous. The cases in our own reports, where a motion to quash has been made in place of a demurrer, were before the existence of this rule. There can be no pretence that the return in this case is frivolous, calling upon the court for the exercise of an extraordinary power, instead of leaving the matter to be decided on an issue of law or of fact to be made up under the rule. (*Tapping's Mandamus*, 372 ; *Law Lib.*, *N. S.*, 60.) The People, &c. *a.* The New York Common Pleas, was decided before this rule existed, and is overruled by the rule. The decision, too, seems to have been as a matter of special favor to a judicial tribunal.

II. The return shows the pendency of another action for the same identical cause,—between the same parties, the relators and the defendants—the relators being the plaintiffs,—and this action in this very court, and at issue, and on the calendar for trial when this mandamus was sued out. It would be an anomaly if, while an action is thus brought and pending, the relators would be indulged in harassing the defendants with another suit. This point, in the hurried way that the matter was disposed of in the heat of the summer, failed to attract the attention of the court. Tapping, 23, quoting various authorities says, under the caption of *lis pendens :* " It is a principle of law, that where a matter is in controversy before a competent jurisdiction, the court will not interfere by a mandamus. Such a fact will, therefore, found a good return." This principle applies with its full strength where the relators are the *plaintiffs* in the pending suit, and are proceeding with it, and that in the same court. In such a case, we cannot imagine an exception to the rule. It is a rule so well founded in common sense and common justice, and has been so long recognized and undisputed, that the defendants may well rest upon it as answer to this motion to quash, and for a peremptory mandamus.

III. A rule equally clear and equally well settled is, that this writ can only be granted *in the absence or want of a specific legal remedy*. The same author says, p. 18 : "The writ of mandamus is not a writ grantable of right, but by prerogative, and among other things, it is, as before stated, the absence or want of specific legal remedy which gives the court *jurisdiction*

to dispense it. It is not granted to give an easier or more expeditious remedy; but only where there is no other remedy, being both legal and specific; and so long and uniformly has the court adhered to this doctrine, and refused to grant, or, if granted, quashed the writ, in cases where there is a specific legal remedy, either at common law or by act of Parliament, that it has become a principle of the law of this subject." A great multitude of cases are referred to by the author to support this doctrine. The writ of *quo warranto* is such a specific legal remedy. The same author, p. 26, under the heading *quo warranto*, says : " The court will refuse to grant the writ of mandamus if it appear that the applicant has a remedy by information in the nature of a *quo warranto*." Thus a rule for a mandamus to admit a recorder was refused, because it appeared there was a recorder *de facto*, and, therefore, that the applicant had such a remedy. The return shows that a certificate has been given to others,—that they have been admitted to the office, and are now exercising its functions. They are in office, and can be removed from it only by *quo warranto*. This is the specific remedy to which the relators are entitled, if duly elected. The right of the relators depends upon their election. The certificate is only evidence of this. Before a court will award them this evidence, they must show that they are entitled to the office; and when they show themselves entitled, the court should award them the office, and not the mere evidence that they are entitled to it. This specific remedy exists, and is by *quo warranto*. It is obvious that the relators, after bringing an action in this court, in which the merits will be tried upon the pleadings and evidence, seek here a mere technical advantage, in which they hope to succeed without going into the evidence, and without regard to the real merits of the matter, and the rights of the parties. They seek, too, by this proceeding, to obtain an advantage over those now in office, without making them parties, or giving them an opportunity to defend their rights; and by a proceeding, too, in which the corporate body is shut out from all means of ascertaining its rights and interests.

IV. The return shows that a certificate has already been given by the defendants, which has been recognized by the Board of Trustees, and the defendants admitted into their body.

Whether the defendants erred in this or not, their powers are gone; they are *functi officio*, and what they have no power to do without the order of the court, they cannot do by virtue of any powers which the court can confer upon them. The court can only compel them to do what they have the power to do, and ought to do of their own motion.

V. The court will not grant a mandamus to compel men to do what will be of no effect when done. Others hold the certificate, and are exercising the functions of the office, and another certificate to others cannot have the effect of ousting them. They will not regard it as a *supersedeas*. And if it could have this effect, then surely it ought not to be granted, unless those whose rights are to be affected, are before the court as parties.

VI. The order requires the defendants to "make a further and sufficient return to the alternative mandamus," without any specification of what the defect is in the former return, or what is required as a sufficient return. In the notice of this motion we are referred to Mr. Gilbert's affidavit. How this can be a guide, it is difficult to imagine. But assuming that it is, every thing complained of in that affidavit is met by the amended return. The objections now made on the part of the relators, are—
1. That it does not state whether the declaration was made *before* the adjournment. Then the utmost that relators can claim is, that it was made before or after, as they may choose; that is, that it be taken most strongly against defendants. The return, in truth, admits the allegation as made by relators, and they have the benefit of it.  2. That the return does not state whether any objection was made to the election of the trustees prior to the adjournment. The return states that the defendants, by reason of the confusion prevailing, cannot tell whether there was or not. This is all they know about it. And yet it is urged as an objection to this, that " the inspectors could tell whether they knew or heard any such thing at the time." If they had heard any such thing at the time, then they could tell; but they say they cannot tell. This is surely a *hypercriticism* upon the form of an expression in the return, and it asks merely a change of form to better suit the taste of counsel, not a change of substance.  3. That "it does not state when they subsequently compared the poll-lists and found an error," and should state whether this was not *long after* the election. This

part of the return is not in answer to any specific allegation in the writ; and if there is, therefore, any thing wanting in certainty, it is not a cause for quashing the return. It is not an omission to answer any charge made ; nor is there any hint in the order or in the affidavit, that any thing more certain or definite was required in this regard.

These three points, made by relators' counsel, fail to show that " the substantial allegation in the mandamus is left unanswered, and has been intentionally evaded." Counsel for relators say further : " Besides, both returns show that the relators were duly elected, by having received the greatest number of votes given at the election. It is the votes that elect, not the declaration of the inspectors; and this has been decided by the court in the case (10 *Abbotts' Pr.*, 324)." It is true that " it is the votes that elect, not the declaration of the inspectors ;" and this is a full answer to the relators' claim to a mandamus in this case. The question—the real question—between these parties and others is, who is elected ? And since this is to be determined by the votes, the court must be called upon in such a form of proceedings as will make this issue. For this, a writ of mandamus is not adapted ; at least, not a writ of mandamus merely to compel the giving of a certificate. If a mandamus is to be used at all, it must be (taking this argument of plaintiffs' counsel to be correct) a mandamus to the Board of Trustees to admit the relators to seats in their body, on the ground that they are legally elected. This might produce an issue in which the facts could be ascertained. It would not be a mandamus, the object of which is to obtain a mere piece of evidence, not conclusive upon the counsel's own showing. Whatever of sound argument there may be in the decision cited in 10 Abbotts' Pr., 324, the relators have appealed from that decision, and keep both the suit in which it is made, and the motion still in court— the suit on the trial-calendar, the motion on the appeal-calendar.

VII. The high prerogative writ of mandamus is never used to give to parties a mere technical advantage; but only where otherwise wrong and substantial injustice would be suffered, for which the parties had no other remedy.

VIII. The result of the whole is this,—

1. That the *first* answer or defence of the return is not in-

volved in the relators' present objections; and while that stands, no peremptory mandamus can be granted, should the court consider the second answer or defence of the return, to which the relators' present objections do refer, insufficient.

2. The first answer or defence of the return is a bar to the relief of mandamus, for two reasons. (1.) Upon the general principle, that the suit by these relators against these respondents, already pending, precludes this second litigation while the first is pending. (2.) Because a mandamus is never allowed as a remedy while *any* other exists, although such other may not have been instituted. These relators must admit that remedy by suit does exist, for they are prosecuting it.

3. The defence in the second answer of the return is good, for several reasons. (1.) It shows the posture of the contesting rights to be such, that *quo warranto* must be brought to settle them, and mandamus can adjudge nothing. This is a universal principle, and admits of no exception. When one party is in, the contesting party cannot get in by mandamus, as he may sometimes to an office without any claimant in possession. (2.) It shows that the respondents have in good faith given a certificate of election, and cannot in conscience give a contrary certificate while the *fact* of the *illegality of the votes necessary to make up the relators' number* remains unchanged in their minds. On *quo warranto* that *fact* will be examined. In this litigation it is not involved, and any adjudication cannot be made here that will instruct the respondents on that point. (3.) Because the whole of this answer or defence to the return is *true*,—is *sufficient* and *complete*,—and only by its being disproved, can the least duty be imagined on the part of these respondents to give any other certificate. That the answer is *true* is admitted by this motion.

4. If this answer or defence be not good at law, the only method of objection is by demurrer. If a motion may, for avoidance of dilatory forms, be allowed, yet, in substance, it is a demurrer, and the substantial rights of the parties will be sustained accordingly. "In this case, the relator, in effect, demurs to the return. If the defendants shall be dissatisfied with the decision which shall be made, a record may formally be made up, upon which such decision can be reviewed by a higher tribunal." (The People *a.* Hudson, 7 *Wend.*, 474.) In that case,

the motion covered the *whole* return. Here, there being a good return, not demurred to by this motion, there could be, at most, only judgment against respondents as to this branch, as if on demurrer, leaving the other defence of *lis pendens* to be tried, if contested in fact. If not contested in fact, then the judgment would be for the respondents on the *whole* merits, though the second answer or defence of the return was insufficient.

*William Curtis Noyes*, in reply.—I. The fact that the relators were elected by the greatest number of votes, and the defendants declared them so to be, and adjourned without challenge of the result, of itself entitles the relators to a certificate of election (10 *Abbotts' Pr.*, 325), and the return, in order to be sufficient, should have denied this fact. (10 *Wend.*, 25; 14 *Barb.*, 32; 11 *How. Pr.*, 89.)

II. The suit alluded to is no bar to the mandamus. It is for damages; the parties-plaintiff, or defendant, are not identical; the relief here sought as the only object, is there only incidental; and there, the injunction which was the main relief sought, was denied. Moreover, the effect of the mandamus cannot be had in this suit. The remedy by action is not specific, and does not take away that by mandamus. (1 *Barb.*, 34; 23 *Wend.*, 458.) The writ of *quo warranto* is no specific remedy here. The giving of the certificate sought, is a ministerial act, and *quo warranto* cannot be instituted without the certificate. The relators are entitled to the certificate to throw the burden of proof upon the adverse claimants.

INGRAHAM, J.—The plaintiffs move to quash the last return for insufficiency. That return sets up,—

1. That before the writ was issued, the relators commenced an action against these defendants and others, touching the same subject-matter in the mandamus set forth, and demanded the same relief sought to be obtained thereby, to which the defendants pleaded the same was at issue.

2. That the relators were not by the greatest number of legal votes duly elected trustees, &c.

3. That there were more ballots counted than there were persons who had voted, and that the inspectors had a ballot which

was by oversight omitted, and that such ballot was for defendants, which was discovered after the ballots had been counted and the result announced. And, further, that the inspectors afterwards discovered that eight of the persons who voted for the relators were not legal voters, and therefore they gave the certificate to the defendants.

4. That they had given a certificate to the defendants, who have undertaken the duties of the office, and are now acting as such.

By the previous proceedings, it is evident that the defendants have not answered as required by the court.

They were required to answer whether, of the votes that were received by the inspectors at the election, the relators did not receive the greatest number, and whether they, the inspectors, did not declare the relators duly elected, &c.

They were also required to say whether any votes were challenged at the election. On these points, the respondents have not answered, but have evaded such an answer by setting up that the relators were not elected by legal votes, and that they do not know, owing to the confusion, whether any voters were challenged or not.

Without referring to the residue of the return, it appears to me that the conduct of the respondents in thus attempting to evade an answer to matters set up in the papers, has exposed them to the consequences of this motion.

It is of no moment whether they have set up other matters in their return, which may constitute a defence. The relators had a right to a return on the matters directed by the court; and where, in a second return, the respondents seek to evade making it consistent with the order of the court, they ask the court with a very ill grace to look at their other defences, to excuse them from not obeying the order of the court.

It was their duty to have answered explicitly on these matters, and having done so, they might then have set up any further defences which they supposed existed to this proceeding.

For these reasons, it would be enough for me here to grant this motion without examining the other defences set up by the respondents.

I think it, however, proper to add here, that the action set up

by the respondents as a bar, cannot be a bar to this proceeding; because in that action neither the certificate of election nor possession of the office can be obtained by the judgment. Whatever may be the prayer of the complaint, the facts set up warrant no recovery, unless it may be damages for withholding from the relators the certificate of election; and, under the present practice, the prayer of the complaint becomes immaterial. As to the residue of the return, I concur with Mr. Justice Mullen in the views heretofore expressed by him in this case.

After the ballots were received by the inspectors without challenge or objection, their right to inquire into the character of the voters ceased. The only duty that remained for them to perform was to count such ballots and return the number of votes received, and the names of those having the greatest number.

It would be idle to attempt to conduct any election by ballot, if, after the election was closed, the inspectors could, when they ascertained who had the greatest number of votes, institute an inquiry whether any of those who voted for the successful party were legal voters, and in this way change the result of the election.

If such a course could be declared legal, there would be few elections at the present day which might not be affected by such a proceeding. The mere statement of the proposition carries the answer on the face of it.

I think this motion must be granted. The conduct of the respondents in evading a proper return, renders it proper that a peremptory mandamus should issue. Nor is there any doubt about the propriety of such an order from what may be inferred from the return itself, viz., that they did count the votes received by them, and that the relators had the largest number. The subsequent proceedings to reduce that number were illegal, and if there were more votes in the box than had been received, it was too late for the inspectors to remedy the matter after the ballots were counted. The remedy was in a different proceeding.

Motion granted, with $10 costs.